## MRS. J. C. HUBBEL v. TALBOT FURNITURE COMPANY.

(Filed 1 May, 1940.)

**Negligence § 3—**

    Allegations and evidence to the effect that defendant's salesman, in demonstrating a washing machine, started it working without warning while plaintiff's hand was known by him to be in close proximity to the machine, and that plaintiff's hand was caught therein, resulting in injury, *held* sufficient to overrule defendant's *motion to nonsuit.*

APPEAL by defendant from *Johnston, Special Judge,* at October Term, 1939, of MECKLENBURG.

*Carswell & Ervin for plaintiff, appellee.*
*J. Louis Carter for defendant, appellant.*

PER CURIAM. This is an action by the plaintiff to recover damages for personal injury alleged to have been negligently inflicted by the defendant.

The allegations of the complaint are to the effect that the defendant left a washing machine at the home of the plaintiff for the purpose of making a sale thereof, and that while the salesman of the defendant was demonstrating said machine in an endeavor to correct some difficulty which the plaintiff had had in the operation thereof, he turned the electric current on the machine while plaintiff's hand was known to be in close proximity thereto, without giving her any warning, thereby causing the machinery to be put in motion and to catch the hand of the plaintiff therein, to her injury.

When the plaintiff had introduced her evidence and rested her case the defendant moved for judgment as in case of nonsuit, C. S., 567, which motion was denied, and defendant reserved exception.

The jury answered the issues of negligence, contributory negligence and damage in favor of the plaintiff, and from judgment predicated upon the verdict the defendant appealed, assigning error.

The only assignment of error set out in the appellant's brief is to the denial of the defendant's motion for judgment as in case of nonsuit.

Since the evidence, when taken in the light most favorable to the plaintiff, supports the allegations of the complaint, this exception cannot be sustained, and the judgment of the Superior Court must be affirmed.

No error.